## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **REBECCA MCKINLEY**, individually and on behalf of all others similarly situated, | ) ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | ) ) | **JURY DEMAND ENDORSED HEREON** |
| **Your Home Court Advantage, LLC**, | ) ) | |
| Defendant. | ) | |

Plaintiff Rebecca Mckinley files this class and collective action Complaint against Defendant Your Home Court Advantage, LLC, seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA), and the Ohio Revised Code (O.R.C.) §4111.03(D) (Ohio Overtime Law). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

### INTRODUCTION

1.      This case challenges policies and practices of Defendant that violate the FLSA and the Ohio Overtime Law.

2.      Plaintiff brings this case as a collective action individually and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b).

3.      Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 individually and on behalf of others like her who work or worked for Defendant in Ohio and who suffered the same harms described below.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5.    Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6.    The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7.    Plaintiff resides in Wakeman, Ohio (Huron County), and was employed by Defendant out of its Elyria office (Lorain County). Plaintiff's written consent to join form is attached as **Exhibit A**.

8.    Defendant Your Home Court Advantage, LLC is an Ohio limited liability company. Defendant can be served through its statutory agent: B. & MCD., Inc., at 388 South Main Street, Suite 500, Akron, OH 44311.

## FACTUAL ALLEGATIONS

### Defendant as Joint Employers

9.    At all times relevant, Defendant was an "employer" within the meaning of the FLSA and the Ohio Overtime Law.

10.    At all relevant times, Plaintiff and those similarly situated were "employees" of Defendant.

11.     At all relevant times, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12.     Defendant "offers a wide range of personal care services, from home health aides and companionship to household chores and respite care for families in the home." It "has been providing quality personal care services in the home since 2014."[1]

13.     Defendant serves 26 counties in North East Ohio, with offices in North Canton, Massillon, Akron, New Philadelphia, Elyria, Beachwood, Warren, Alliance, Wooster, and Cambridge.[2]

14.     Defendant employed Plaintiff and those similarly situated as hourly, non-exempt home care providers.

15.     Plaintiff was employed by Defendant as a Home Health Aid (HHA) from approximately December 2019 through September 13, 2021. Her hourly rate ranged from approximately $12 to $15.

16.     Defendant does not pay their hourly homecare providers, including Plaintiff and those similarly situated, for time spent traveling from one client location to the next in the same workday, nor does Defendant count this time as hours worked for the workweek.

17.     Plaintiff routinely worked at multiple client locations within the same workday, often working at four or more locations in the same workday. However, she was not paid for the compensable location-to-location travel time. This travel time is compensable under the

---

[1] https://www.yourhomecourtadvantage.com/ (last viewed 12/16/21).
[2] https://www.yourhomecourtadvantage.com/contact (last viewed 12/16/21).

"continuous workday rule" because it was work performed after Plaintiff's first principal activity and before Plaintiff's last principal activity of her workday.

18.     Likewise, others similarly situated to Plaintiff also worked at multiple client locations within the same workday but were not paid for the compensable location-to-location travel.

19.     Plaintiff and others similarly situated were required to record only their shift start and shift end times.

20.     Plaintiff and those similarly situated routinely work or worked more than 40 hours in a workweek. For example, Defendant recorded upwards of 47 hours in a workweek for Plaintiff, not including location-to-location drive time.

21.     Failure to pay this compensable time and failure to record it as time worked resulted in unpaid overtime in any weeks where an employee worked more than 40 hours in a workweek.

## Failure to Keep Accurate Records

22.     As a result of the company-wide policies and practices stated above, Defendant failed to make, keep and preserve records of all hours worked by Plaintiff and other similarly situated employees, as required by the FLSA and Ohio law.

23.     To the extent accurate records were not kept, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## COLLECTIVE ACTION ALLEGATIONS

24.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

25.     Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

**All present and former hourly homecare providers, including but not limited to HHAs, employed by Defendant, who worked at more than one location in the same workday, and who worked 40 or more hours in any workweek from the 3 years preceding the filing of this Complaint through final disposition of this action ("FLSA Collective").**

26.     Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, and all were subjected to and injured by Defendant's unlawful practices of failing to pay them all overtime hours worked.

27.     The FLSA Collective members have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

28.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

29.     Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and the following class:

**All present and former hourly homecare providers, including but not limited to HHAs, employed by Defendant in Ohio, who worked at more than one location in the same workday, and who worked 40 or more hours in any workweek from the 2 years preceding the filing of this Complaint through final disposition of this action ("Ohio Class").**

30.     The Ohio Class is so numerous that joinder of all class members is impracticable.

31.     There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay them for all hours worked such as location-to-location travel time in the same workday, whether such unpaid hours resulted in unpaid overtime, and whether such overtime remains unpaid.

32.     Plaintiff's claims are typical of the those of the Ohio Class members. Defendant need only identify the putative class members that were scheduled for full-time weekly hours and who worked more than one location within the same workday.

33.      Plaintiff will adequately protect the interests of the Ohio Class members. Plaintiff's interests are not antagonistic to, but rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

34.     The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class are common and typical to each class as a whole and predominate over any questions affecting only individual class members.

35.     Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

36.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.     Plaintiff brings this claim for violations of the FLSA's overtime provisions individually and on behalf of the opt-ins who join this case pursuant to 29 U.S.C. § 216(b).

38.    Defendant is covered by the FLSA and the FLSA Collective members are not exempt from the protections of the FLSA.

39.    Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

40.    The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

41.    Defendant has a companywide policy of not paying the FLSA Collective members for compensable work, such as location-to-location travel, and requiring them to record only their shift start and shift end times, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

42.    Defendant knew or should have known that its conduct described herein violated the law. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

43.    Section 16(b) of the FLSA entitles Plaintiff and those similarly situated to an award of unpaid overtime compensation, an additional equal amount as liquidated damages, reasonable attorney's fee, and costs.

44.    As a result of Defendant's practices, Plaintiff and the FLSA Collective members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

**COUNT TWO**
**(Ohio Class Violations)**

45.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

46.     Defendant is an "employer" covered by the overtime requirements set forth in the Ohio Overtime Law.

47.     Under the continuous workday rule, employees must be paid for all hours worked starting with their first principal activity and ending with their last principal activity of the workday.

48.     The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half times their regular rates.

49.     As employees of Defendant, Plaintiff and the Ohio Class members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

50.     Defendant has a companywide policy of not paying the Ohio Class members for compensable work, such as location-to-location travel, and requiring them to record only their shift start and shift end times, which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

51.     Plaintiff and the Ohio Class members are not exempt under the Ohio Overtime Law.

52.     Defendant's practice and policy of not paying Plaintiff and the Ohio Class members all overtime compensation earned at one and one-half times their regular rate of pay violated the Ohio Overtime Law.

53.     By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the Ohio Overtime Law.

54.    As a result of Defendant's practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Overtime Law; and because wages remain unpaid, damages continue.

55.    Pursuant to Ohio law, Plaintiff is entitled to attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of other members of the class/collective, seeks the following relief:

A.    An Order certifying this case as a collective action in accordance with 29 U.S.C. §216(b) with respect to the FLSA claims;

B.    An Order certifying this action as a class action with respect to the Ohio Overtime Law claims;

C.    Liquidated damages to the fullest extent permitted under the FLSA;

D.    Litigation costs, expenses, and attorneys' fees;

E.    Pre-judgment and/or post-judgment interest at the statutory rate; and,

F.    Such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
1360 E. 9th St., Ste. 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
          sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## <u>JURY DEMAND</u>

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*

*Counsel for Plaintiff*